**Alexandria S. DAY, Appellant,**

**v.**

**Caspar W. WEINBERGER, Secretary of Health, Education & Welfare, Appellee.**

No. 74–1878.

United States Court of Appeals, Ninth Circuit.

Sept. 17, 1975.

Arthur L. Johnson, San Jose, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

## OPINION

Before DUNIWAY, ELY and WRIGHT, Circuit Judges.

ELY, Circuit Judge:

In 1969, Day filed an application with the Department of Health, Education & Welfare (HEW) for determination of a disability and for disability insurance benefits under 42 U.S.C. §§ 416, 423. After a hearing, Day's application was denied by a Hearing Examiner. The HEW Appeals Council affirmed the examiner's decision, and the decision thereby became administratively final. Day then instituted suit in the District Court. After reviewing the administrative record, the court concluded, without discussion,[1] that the examiner's decision was supported by substantial evidence. Summary judgment was thereupon entered against Day. For the reasons stated below, we reverse the District Court's judgment and remand the cause to the Secretary for a new hearing. 42 U.S.C. § 405(g).

Day claimed that she was disabled because of severe back and neck pains and headaches that began shortly after she fell on a concrete sidewalk. At the hearing before the examiner, Day introduced into evidence reports from five physicians who had examined and treated her at her request. None of the physicians was able to pinpoint, through objective laboratory tests, the specific cause of Day's alleged pain. The physicians generally agreed, however, that Day was indeed suffering from some form of prolonged muscular strain. There was no positive evidence, and could be none, that Day was not suffering as much pain as she claimed to suffer, and no witness, qualified expert or otherwise, expressed the opinion that Day was in any way malingering. Each of the physicians recommended that Day undergo some type of treatment. Furthermore, two of the physicians expressed rather positive opinions as to whether Day was disabled. Dr. Moore, who had examined and treated Day on several occasions, stated that he had placed her on "disability" and had extended her "disability" for a number of months. Dr. Mitchell, a specialist in rehabilitative medicine, specifically con-

---

1. Our court has previously noted that "[a] district court's finding that there is substantial evidence with no elucidation is of no help to this court." *White Glove Building Mainte-* *nance, Inc. v. Brennan,* 518 F.2d 1271, 1273 (9th Cir., 1975). *See also Multiple Use, Inc. v. Morton,* 504 F.2d 448, 452 (9th Cir., 1974).

cluded, after examining Day, that Day was "unfit for remunerative employment." The reports from Day's three other doctors did not contradict the conclusions drawn by Doctors Moore and Mitchell, and the Secretary introduced no contradictory medical evidence of his own.

■ In his written report, the Hearing Examiner mentioned the opinions rendered by Doctors Moore and Mitchell. He did not, however, set forth any specific reasons for rejecting the two doctors' uncontroverted conclusions. While such uncontradicted expert opinions on the ultimate issue are not binding on the examiner, 20 C.F.R. § 404.1526 (1974), the examiner must, if he rejects them, expressly state clear and convincing reasons for his doing so. *White Glove Building Maintenance, Inc. v. Brennan,* 518 F.2d 1271 (9th Cir., 1975); *Hassler v. Weinberger,* 502 F.2d 172, 178 (7th Cir., 1974).[2] Rather, in concluding that Day was not disabled, as "disability" is defined in 42 U.S.C. § 423(d), the Hearing Examiner relied on three other factors. First, he noted that none of Day's medical experts had been able, through the use of objective diagnostic techniques, to identify specific cause for Day's alleged pain. Second, the examiner noted that during Day's appearance at the hearing, she did not exhibit the physical manifestations of prolonged pain that are listed in a leading medical textbook. Finally, the examiner relied on his own observations of Day at the hearing and certain of Day's own testimony in concluding that she remained capable of doing light work.

■ The first two factors upon which the examiner relied provide little, if any, support for his ultimate conclusion. Disability may be proved by medically-acceptable clinical diagnoses, as well as by objective laboratory findings.

42 U.S.C. § 423(d)(3); *see Stark v. Weinberger,* 497 F.2d 1092, 1097 (7th Cir., 1974); *Flake v. Gardner,* 399 F.2d 532, 540–41 (9th Cir., 1968). And the Hearing Examiner, who was not qualified as a medical expert, should not have gone outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition. *Williams v. Richardson,* 458 F.2d 991, 992 (5th Cir., 1972).

■ The examiner could, of course, consider Day's general appearance and her testimony at the hearing. He observed that she was young, well-dressed, poised, and generally pleasing in appearance. Further, he noted that her only response to a question about her ability to perform her duties of a receptionist was that she was not qualified to do the necessary bookkeeping, an answer obviously not related to physical disability.

■ The examiner's decision as to whether a claimant is disabled must be upheld if it is based on substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Harmon v. Finch,* 460 F.2d 1229 (9th Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 516 (1972). But in determining whether there is substantial evidence to support the examiner's finding a reviewing court must consider both evidence that supports, and evidence that detracts from, the examiner's conclusion. We cannot affirm the examiner's conclusion simply by isolating a specific quantum of supporting evidence. *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ In the light of the uncontradicted medical opinions of Doctors Moore and Mitchell and Day's own testimony that she could not stand, sit, or move about for any length of time and that on many days she was totally bedridden, we sim-

---

2. It bears emphasis that on the record before the Hearing Examiner, the expert opinions of Doctors Moore and Mitchell stood uncontroverted. The record did not present the more common situation wherein an examiner must choose between conflicting medical opinions, as was the case, for example, in *Sorenson v. Weinberger,* 514 F.2d 1112, 1114–15 (9th Cir., 1975).

ply cannot hold that the examiner's observations of Day, and Day's answer to the question concerning bookkeeping capability as related to the work of a receptionist, constitute substantial evidence. *See Lund v. Weinberger,* 520 F.2d 782 (8th Cir., 1975). But neither do we think that we should make an initial determination as to whether Day affirmatively proved, as was her burden, that she was entitled to disability benefits. Accordingly, we reverse the District Court's judgment and vacate the decision of the Secretary. On remand, there must be a new hearing, at which either party may present additional evidence.[3]

Reversed and remanded.

**3.** Noting that a final resolution of the present controversy has already been long delayed, we express to both parties our hope that the new hearing will be conducted at the earliest possible time.