**Samuel L. EMBRY, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.**

No. 78–2929.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 1, 1980.

Decided July 25, 1980.

---

A. George Glasco, Glasco & Calhoun, Los Angeles, Cal., for petitioner-appellant.

Roger E. West, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

## OPINION

Before MARKEY, Chief Judge, United States Court of Customs and Patent Appeals,[*] HUG and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge.

Samuel Embry appeals from the Secretary's decision denying him Social Security disability benefits. To qualify for benefits, Embry was required to establish that on or before June 30, 1975, when he last met the earnings requirement, he was totally disabled from performing any substantially gainful employment available in the economy. The medical reports overwhelmingly established that Embry could not do any work requiring bending, straining or lifting after September 1973. The vocational expert suggested, however, that unless pain precluded Embry from sitting and standing intermittently over an eight-hour work period, he would still be qualified to perform numerous sedentary jobs that were available in the region. The administrative law

judge felt that pain probably precluded Embry from even sedentary work by the date of the hearing in January 1977. The administrative law judge was not convinced, however, that the pain had reached that level of severity by the crucial date of June 30, 1975. See Waters v. Gardner, 452 F.2d 855, 858 (9th Cir. 1971).

The administrative law judge's findings must be based on substantial evidence. See Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). On review, this court considered the record as a whole, not just the evidence supporting the decision of the administrative law judge. Walker v. Mathews, 546 F.2d 814, 818 (9th Cir. 1976); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975).

Embry, his wife, and a friend all testified that Embry had been disabled by pain since October 1973. The medical reports show that Embry has received pain medication since October 1973. A Social Security interviewer observed that Embry appeared to be in genuine pain at an interview in January 1975. The record reveals no hint of malingering. Compare Walker v. Mathews, 546 F.2d at 820, with Richardson v. Perales, 402 U.S. at 392–94, 91 S.Ct. at 1422–24.

Nonetheless, the administrative law judge concluded that the weight of the medical evidence showed that Embry had made "quite a good recovery" after his 1973 surgery, and that he was capable of performing sedentary work until September 1975 when his pain increased to the point where the administrative law judge agreed it had become disabling. That conclusion seems to be based on three items in the record: (1) a doctor's report dated October 1974 noting that Embry's pain was "intermittent"; (2) a medical history dated December 1975 noting that Embry was "getting better" until about September 1975; and (3) a hospital report dated February 1976, at which time Embry was hospitalized for the pain, noting a return to work date of four weeks.

[*] The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

The 1974 report relied on by the administrative law judge which listed only "intermittent" pain actually recommended bedrest for that pain. Because the vocational expert testified that if Embry was required to lie down periodically he was unemployable, the report does not support the conclusion that Embry was employable at that time even though he might have had some entirely pain-free periods.

The report that Embry had been "getting better" until September 1975 also noted that he had been on medication for pain since 1973. Further, the report was made in December 1975, just prior to Embry's third hospitalization. It seems quite reasonable that as the pain became excruciating Embry might report to doctors that he had previously been "getting better," even if he had never reached a level of comfort that would have allowed him to work.

The February 1976 report, listing a return to work date of four weeks, also noted that the 1973 surgery had not improved the pain and that medication did not alleviate it but that bedrest seemed to help. The return to work date is inconsistent with the rest of the evidence. It alone is not substantial evidence supporting the administrative law judge's conclusion. *See Walker v. Mathews*, 546 F.2d at 820; *Day v. Weinberger*, 522 F.2d at 1156. Moreover, the record does not show that between February 1976, the date of that report, and January 1977, the date of the hearing, Embry's condition was altered either for better or worse. Hence, the administrative judge's observation that Embry was probably disabled at the time of the hearing itself belies the literal accuracy of the return to work prognosis.

Contrary to the conclusion that Embry was making quite a good recovery until September 1975, the most encouraging medical report in the record, the April 1975 "progress notes," indicates only that Embry had been doing "reasonably" well since the 1973 surgery.

All the medical records do report, in objective terms, the extent of Embry's residual functional ability. The records also show that Embry complained of pain in March 1974, April 1974, June 1974, October 1974, November 1974, December 1974, January 1975, April 1975, and June 1975. The administrative law judge, however, seems to have read the reports of motor capacity to show what Embry could do with reasonable comfort despite the fact that the same doctors who reported those abilities also prescribed drugs for pain. The only doctor who did offer an opinion as to Embry's ability to work found him totally disabled.

After reviewing the record, we are left with a firm conviction that a miscarriage of justice has occurred. The administrative law judge relied on the testimony of the vocational expert, testimony which we find unreliable in light of overwhelming medical evidence of disability. The record does not support the Secretary's decision; in fact, we are amazed at the cavalier treatment accorded Embry's substantiated medical complaints throughout the administrative process. We find that Embry was disabled before June 30, 1975 and is entitled to disability benefits. To deny him benefits would indeed be breaking faith with the promise of the Act. *Walker v. Mathews*, 546 F.2d at 821.

REVERSED AND REMANDED.