**Robbie ROBERTSON,**
**Plaintiff-Appellant,**

v.

**Margaret O. HECKLER\*, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–3559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1983.

Decided Sept. 27, 1983.

David B. Vail, Tacoma, Wash., for plaintiff-appellant.

Richard H. Wetmore, Seattle, Wash., for defendant-appellee.

Before GOODWIN, WALLACE and REINHARDT, Circuit Judges.

PER CURIAM:

Robbie Robertson appeals the judgment of the district court affirming the decision of an administrative law judge to deny

---

\* Secretary Margaret O. Heckler is substituted for her predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

Robertson disability benefits under the Federal Social Security Act, 42 U.S.C. §§ 416(i), 423 (1976).

Robertson argues that the administrative law judge's determination of his "residual functional capacity" was not supported by substantial evidence, that the "grid" system used to determine whether he was disabled is unconstitutional, and that Ninth Circuit law requires the administrative law judge to state specific job alternatives for the claimant rather than simply relying on the grids, as the administrative law judge did here.

 Considering Robertson's age, education, and prior work experience, the administrative law judge applied the Medical-Vocational Guidelines, 20 C.F.R. 404 Subpart P, Appendix 2. While there may have been some doubt, prior to May 16, 1983, about the administrative law judge's use of the guidelines instead of making specific findings concerning work that the claimant could perform, those doubts have now been resolved in favor of the Secretary. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

The sufficiency of evidence point is also covered by the *Campbell* decision which approved the Secretary's use of guidelines. In this case, the medical evidence, as well as other evidence, tended to support a finding that Robertson could perform light, sedentary work for three to five hours at a time. These findings placed him within the group of partially disabled workers who can perform some substantial gainful activity.

The judgment is affirmed.