**Jerry R. KAIL, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 83–1865.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 1983.

Decided Jan. 5, 1984.

Gove L. Allen, Mesa, Ariz., for plaintiff-appellant.

Gary L. Floerchinger, Asst. Regional Atty., San Francisco, Cal., for defendant-appellee.

---

Before DUNIWAY, Senior Circuit Judge, and ALARCON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Jerry Kail, the claimant, appeals from summary judgment in favor of the Secretary of Health and Human Services affirming the Secretary's denial of Kail's application for Social Security Disability Insurance Benefits and Supplemental Security Income. We reverse and remand, because the Secretary's finding that claimant is capable of sedentary work is unsupported by substantial evidence, and because the Secretary improperly relied upon Medical-Vocational Guidelines in denying benefits.

FACTS

Claimant was hospitalized in 1976 for a lung infection which was eventually diagnosed as atypical tuberculosis. In 1979 most of his right lung was removed. Over the course of the next few years claimant underwent a number of tests including spirometric studies, arterial blood testing, lung volume studies and pulmonary stress testing. One of the claimant's treating physicians opined that he was permanently "disabled due to desaturation of oxygenation with exercise . . . a function of both dead space from surgery and probable exercise worsened obstructive airway disease." None of the other physicians reporting on claimant state any specific conclusions regarding the issue of disability, although they do make medical diagnoses of claimant's condition. The evidence indicates that dust, gases, humidity and heat aggravate claimant's respiratory problems.

The Secretary's Administrative Law Judge (ALJ) concluded that claimant was incapable of returning to his past work as a mechanic, press operator, construction worker or pest controller. The ALJ found, however, that claimant retained the capacity for sedentary work as of the date he last met the earnings eligibility requirements of the Social Security Act. The ALJ held that based upon age, education, vocational skills and sedentary work capacity, the Secretary's Medical-Vocational Guidelines mandated a finding of "not disabled." The Secretary's Appeals Council denied claimant's request for review.

STANDARD OF REVIEW

■ This court will set aside a denial of benefits only if the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982), *Thompson v. Schweiker,* 665 F.2d 936, 939 (9th Cir.1982).

DISCUSSION

■ The ALJ's finding that claimant is capable of sedentary work is not supported by substantial evidence. The ALJ appears to have relied primarily upon a report by Dr. William Weese. Dr. Weese made a thorough diagnosis of claimant's condition but expressed no opinion regarding claimant's residual functional capacity. The opinion of claimant's treating physician that he is disabled was not controverted by any other physician. Whether to remand the case for additional evidence or simply hold claimant entitled to benefits presents a close question. The choice is within the discretion of the court, but remand is proper where additional administrative proceedings could remedy defects. *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981). Here, additional medical opinions regarding claimant's residual functional capacity might be of assistance.

■ Even if claimant is capable of sedentary work, it is improper under the facts of the case to use the Medical-Vocational Rules to determine the issue of his disability. When a claimant demonstrates incapability of returning to past work because of medical disability, this circuit shifts the burden to the Secretary to show jobs within the capabilities of the claimant. *See Bonilla v. Secretary of Health, Educ. and Welfare,* 671 F.2d 1245, 1246 (9th Cir.1982). Until recently, the Secretary usually carried this burden through testimony of a vocational expert. *See Hall v. Secretary of*

*Health, Educ. and Welfare,* 602 F.2d 1372, 1377 (9th Cir.1979). In *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), the Supreme Court held that the Secretary need not specify alternative available jobs in cases where the Medical-Vocational Guidelines directly apply. *Id.,* —— U.S. at ——, 103 S.Ct. at 1956–1958. *See also, Robertson v. Heckler,* 716 F.2d 1284 (9th Cir.1983). This is not such a case.

The Guidelines indicate whether a significant number of jobs exist in the national economy that an individual is capable of performing when his functional capacity, age, education and work experience correspond to one of the Medical-Vocational Rules. *Heckler v. Campbell,* —— U.S. at ——, 103 S.Ct. at 1954–1955. *See* 20 C.F.R. Part 404, Subpart P, App. 2 (1983). By their own terms, the Appendix 2 Guidelines are "not fully applicable" and are at best a "framework" for reaching a decision when nonexertional, environmental limitations restrict a claimant's ability to tolerate certain work settings.[1] 20 C.F.R. Part 404, Subpart P, App. 2 § 200.00(e). The Court noted in *Campbell* that the regulations "recognize that some claimants may possess limitations not factored into the guidelines" and "provide that the rules will be applied only when they describe a claimant's abilities and limitations accurately." —— U.S. at —— n. 5, 103 S.Ct. at 1955 n. 5.

Inability to tolerate dust or fumes is one example given in the Guidelines of an environmental restriction not factored into the Rules. 20 C.F.R. Part 404, Subpart P, App. 2 § 200.00(e). Other courts have recognized that the Guidelines are not determinative of disability where, as here, a claimant cannot tolerate dust, fumes or heat. *Thomas v. Schweiker,* 666 F.2d 999, 1004 (5th Cir. 1982); *see Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir.1981) (per curiam) (intolerance for lint). Thus, the ALJ's reliance on the Guidelines was error. If on remand, sufficient medical evidence is marshalled to rebut the opinion of claimant's treating

physician that he is disabled, the Secretary will have the burden of showing specific jobs within claimant's capabilities. *See Bonilla v. Secretary of Health, Educ. and Welfare,* 671 F.2d at 1246. The case is remanded to the Secretary's Appeals Council for disposition in accordance with this opinion.

REVERSED and REMANDED.

---

1. The same is true in other situations where an individual's impairment does not manifest "itself by limitations in meeting the strength requirements of jobs." Listed as examples are mental, sensory, skin, postural and manipulative limitations. 20 C.F.R. Part 404, Subpart P, App. 2 § 200.00(e).