Lucretia M. ADAMS, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. No. 87-750 MA.

United States District Court, Oregon.

March 21, 1988.

James S. Coon, Imperati Barnett Sherwood & Coon, P.C., Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., Gary J. Thogersen, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant.

## OPINION

MARSH, Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) (1982) of the Social Security Act (hereinafter "Act") for judicial review of a final decision of the Secretary of Health and Human Services (hereinafter "Secretary"). Plaintiff was denied disability insurance benefits. For the reasons that follow, I affirm the decision of the Secretary.

## ADMINISTRATIVE PROCEEDINGS

Lucretia M. Adams applied for disability and disability insurance benefits on January 9, 1986. Her application was denied both initially and upon reconsideration. After a timely request for a hearing, plaintiff requested that a decision be made on the existing record without an oral hearing.

On February 17, 1987 the ALJ found plaintiff was not disabled within the meaning of the Act and was not entitled to disability benefits. This decision became final when the Appeals Council declined review. Plaintiff appeals and claims she is functionally blind and thus entitled to disability benefits. Specifically, plaintiff contends that the Secretary should apply a functional definition of blindness under Rule IV.

## FACTS

The facts in this case are not in dispute. Plaintiff is a 58 year old woman who suffered a heart attack in December, 1980. Plaintiff claims disability from blindness following a cerebral event during coronary bypass surgery in February, 1981. While some of her visual capacity has returned, she is still limited visually. Plaintiff's visual acuity is 20/50 in both eyes, however she is neurologically unable to process visual information. For example, plaintiff cannot see sufficiently well to put a staple in the corner of a piece of paper. Plaintiff trips and falls because she cannot see the ground ahead of her as she walks. Plaintiff avoids brick sidewalks and escalators because she becomes nauseous when she encounters them.

## DISCUSSION

The standard on review is whether the decision of the Secretary is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); *Universal Camera Corp. v. National Labor Relations Board,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir. 1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir.1975). The substantial evidence standard requires that the evidence as a whole be reviewed and not just the evidence which supports the Secretary's decision. *Embry v. Secretary,* 626 F.2d 93, 94 (9th Cir.1980). The Secretary's determination may be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision even if the evidence is substantial. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984); *Kail v. Heckler,* 722 F.2d at 1497.

Rule IV of the Social Security Administration regulations provides disability insurance benefits for individuals determined to be statutorily blind and who are fully insured. 20 C.F.R. § 404.130(e). The parties agree that plaintiff is fully insured.[1] The parties dispute the definition of statutory blindness.

Congress has given the Secretary power to promulgate regulations to effectuate the provisions of the Social Security Act. 42 U.S.C. § 405(a). 42 U.S.C. § 416(i)(1) provides disability benefits for blindness. Regulations have been promulgated implementing this section. 20 C.F.R. §§ 404.130, 404.1581–7. Rule IV provides that blind-

---

**1.** The parties also agree that plaintiff does not meet the 20/40 requirement and thus does not qualify for benefits under another Rule. 20 C.R.R. § 404.130(b).

ness is defined at 20 C.F.R. § 404.1581. 20 C.F.R. § 404.130(e). 20 C.F.R. § 404.1581 defines statutory blindness as:

> central visual acuity of 20/200 or less in the better eye with the use of correcting lens. An eye which has a limitation in the field of vision so that the widest diameter of the visual field subtends an angle no greater than 20 degrees is considered to have a central acuity of 20/200 or less.

Plaintiff argues that she is functionally blind because of her neurological inability to process visual information. She argues that Congress did not intend to award disability benefits to those who are blind because of the damage directly to their eyes and to deny benefits to those who are functionally blind because of damage to their neurological system or brain. She cites legislative history contending that Congress was taking a functional approach to blindness in using words such as "vision," "industrial blindness" and "visual acuity." Finally, plaintiff argues that Congress intended the definition of statutory blindness to be the same as that used by other agencies. Accordingly, plaintiff cites a Tax Court opinion finding that a functionally blind taxpayer fell within the statutory definition. *Hollman v. Commissioner,* 38 T.C. 251 (1962).

The Secretary was granted power to promulgate regulations implementing the Social Security Act. 42 U.S.C. § 405(a). Courts must defer to the expertise of the agency where the agency has been charged with interpretation of the statute and the agency has not exceeded statutory authority nor acted in an arbitrary and capricious manner. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) *rehearing denied,* 380 U.S. 989, 85 S.Ct. 1325, 13 L.Ed.2d 283; *Good Samaritan Hospital, Corvallis v. Mathews,* 609 F.2d 949, 955 (9th Cir.1979).

I have reviewed the statutory scheme and its regulations. I do not find that the regulations defining statutory blindness exceeded statutory authority or are arbitrary and capricious. I find that the statute and regulations provide disability benefits to persons who are statutorily blind and have limited work histories if the person qualifies under the definition of blindness. I find no authority demonstrating that Congress intended the Secretary to consider other impairments in combination with blindness in statutory blindness cases.

The regulations are divided into subparts. Subpart P considers determination of disability and blindness. 20 C.F.R. 404 Subpart P. This subpart contains a definitional section which specifies that "there are different rules for determining disability for individuals who are statutorily blind." 20 C.F.R. § 404.1505(b). The section goes on to state that these rules are contained in §§ 404.1581 through 404.1587. *Id.* Sections 404.1581 through 7 do not reference to any other disability sections or definitions used by other agencies and instead provide separate rules for statutory disability determinations, evaluations, benefits, trial work periods and suspension of benefits.

Unfortunately, this plaintiff does not fall under the statutory definition of blindness and thus benefits are not available to her.

Plaintiff's claim is denied.

