Mary GORMAN,
SS#: 173–28–1717, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. CIV-89-2084 PHX WPC.

United States District Court,
D. Arizona.

Oct. 5, 1990.

---

Mark Caldwell, Phoenix, Ariz., for plaintiff.

Steven A. Keller, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff Mary Gorman ("Gorman") brought this action under sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)). Plaintiff seeks Judicial Review of the Defendant's finding that the in-kind support and maintenance she received from her daughter between October 1987 and January 1988 was not the subject of a loan agreement and therefore was properly considered as in-kind income which reduced her monthly supplemental security income ("SSI") by one-third.

Plaintiff filed on May 7, 1990 a "Motion for Summary Judgment on Complaint for Judicial Review of Administrative Determination of Claim for Supplemental Security Income." On July 5, 1990 defendant responded and filed a cross-motion for summary judgment. The parties briefed their positions and after supplemental briefing, the matter was deemed submitted without oral argument. The Court now rules on the plaintiff's Motion for Summary Judgment and the defendant's Cross–Motion for Summary Judgment.

### I. *Factual and Procedural Background*

Plaintiff was born on December 23, 1934 and has an eighth grade education. Plaintiff was divorced in 1973 but, in 1977 moved into the house owned by her husband. In September 1987 plaintiff moved out of the marital residence and into an apartment with her daughter.

Plaintiff filed an application for SSI on October 23, 1986. After receiving adverse determinations at both the initial and reconsideration levels, plaintiff filed a Request for Hearing. After a pre-hearing conference before the Administrative Law Judge ("ALJ"), the ALJ issued a decision on December 7, 1987 finding plaintiff eligible for SSI benefits. As part of the process of effectuating the ALJ decision, plaintiff received a partially favorable SSI Notice of Decision dated February 16, 1988, computing her benefits based on a deduction in benefits for the value of food and shelter purportedly received during the retroactive period of eligibility. Plaintiff filed a Request for Reconsideration, disputing the deduction, which was denied on August 18, 1988. Plaintiff filed a request for hearing on September 9, 1988. The hearing took place on April 11, 1989. On July 28, 1989 the ALJ issued a decision that plaintiff's SSI benefits from October, 1986 to the date of the decision were not subject to reduction due to in-kind support and maintenance plaintiff received from her daughter.

The Appeals Council, under the authority of 20 C.F.R. § 416.1469 issued a decision on its own motion on November 16, 1989, vacating the ALJ's decision, finding that plaintiff's SSI payments were subject to reduction for the months of October 1986 through January 1988.

## II. *Discussion*

At issue is the deduction due to in-kind income in the form of support and maintenance plaintiff received from her daughter when they both moved out of the home of plaintiff's former husband and into an apartment in September 1987.[1]

■ Generally, the findings of the defendant, "if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1977). Administrative findings can be set aside either if the findings are not supported by substantial evidence in the record as a whole or if those findings are based upon legal error. *Kail v. Heckler*, 722 F.2d 1496 (9th Cir.1984).

■ In the present case, the defendant's final decision concluded that plaintiff's daughter did not make a loan of in-kind income in the form of support and maintenance to plaintiff between October 1987 and January 1988. This court must determine whether there is substantial evidence to support that conclusion or whether those findings are based upon legal error. *Id.*

The Appeals Council had no contemporaneous evidence before it that any sort of understanding or agreement existed between plaintiff and her daughter between October 1987 and January 1988. Plaintiff and her daughter moved into an apartment on September 20, 1987. Plaintiff confirmed this arrangement with the Social Security Administration on December 17, 1987 but made no mention of or reference to any kind of loan agreement between her

and her daughter. On February 8, 1988 plaintiff called the Social Security Administration and discussed her living arrangements, but once again made no mention of any loan or repayment plans with her daughter.

The record indicates that plaintiff's counsel first became involved in this case on or about April 6, 1988. It was not until May 11, 1988 that plaintiff, through her counsel, first raised the contention that she was to repay her daughter for food and housing. At her counsel's request, plaintiff put her alleged prior verbal agreement with her daughter into writing on May 31, 1988. Additionally, there is no evidence that plaintiff, after receiving a retroactive SSI benefits payment of $3,476.41 on or about February 16, 1988, ever gave any of this money to her daughter as repayment for the in-kind loan.

The burden is upon plaintiff to establish that "any in-kind support received was, in fact, loaned to [her] in realistic anticipation of repayment, and that [she] indeed intend[ed] to repay that debt." *Hickman v. Bowen*, 803 F.2d 1377 (5th Cir.1986). In the present case, plaintiff has not met this burden.

The "agreement" which was written after plaintiff's attorney entered the scene amounts to a *post hoc* attempt to maximize plaintiff's monthly SSI benefits and therefore is insufficient to establish that a loan was contemplated at the time the in-kind support was received. Accordingly, the Social Security Administration's decision to reduce the SSI benefits based on the in-kind support is supported by the evidence (or lack thereof) and is consistent with the law in the area.

Consistent with the above,

IT IS THEREFORE ORDERED:

1. That Plaintiff's Motion for Summary Judgment is denied;

2. That Defendant's Cross–Motion for Summary Judgment is granted; and,

---

1. Plaintiff concedes that the benefit deduction arising from the in-kind income provided by her

former husband is not at issue. (Plaintiff's Memorandum, pp. 10–11).

3. That the Clerk of the Court is directed to enter judgment accordingly.