999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald L. CASEY, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary, Health and
Human Services, Defendant-Appellee.
 No. 91-36044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1993.
Decided July 22, 1993.
 
 1
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Donald Casey first applied for disability benefits under Title II of the Social Security Act on February 17, 1987. The application was denied and Casey filed a second application on September 23, 1987. This application was also initially denied. Subsequently, the Secretary reopened the initial application and found Casey disabled as of April 6, 1987. Casey filed a request for reconsideration alleging that he had been disabled as of April 1, 1986.
 
 
 4
 On May 5, 1989, Administrative Law Judge (ALJ) Leonard E. Balhoun issued a decision granting Casey's benefits based on a disability date of April 1, 1986. On June 28, 1989, the Appeals Council remanded the decision on the grounds that Casey's insured status had expired prior to April 1, 1986. The council directed the ALJ to consider Casey's disability based on an alleged disability date of April 1, 1983 and an insured expiration date of June 30, 1984.
 
 
 5
 On September 13, 1989, a second administrative hearing was held before ALJ Lloyd Tunik. At the time of the second administrative hearing Casey was 44 years old. Casey completed the 11th grade and has a general equivalency degree. He has past relevant work experience as an upholsterer. Casey alleges disability since April 1, 1983 due to uncontrolled diabetes, obesity, hypertension and congestive heart failure. On April 27, 1990, ALJ Tunik issued a decision denying Casey's application for disability benefits under Title II of the Social Security Act. The Appeals Council refused a request for review, and thus the ALJ decision became the final decision of the Secretary, which is appealable to district court pursuant to 42 U.S.C. § 405(g). The matter was heard by consent by a U.S. Magistrate judge who granted summary judgment for the Secretary finding there is substantial evidence to support the ALJ's determination that Casey is not entitled to disability benefits.
 
 
 6
 We review the judgment of the district court de novo to ensure that there is substantial evidence to support the decision of the Secretary and that the decision is free of legal error. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). The Social Security Act establishes procedures and standards for judicial review of administrative decisions for denying disability benefits. 42 U.S.C. 405(g). Our jurisdiction is limited to determining whether the Secretary's findings are supported by substantial evidence, viewing the record as a whole. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir.1984).
 
 
 7
 Casey contends that he has been disabled since April 1, 1983. A claimant has the initial burden of establishing his or her disability by a preponderance of the evidence. Rhinehart v. Finch, 438 F.2d 920 (9th Cir.1971). To meet this burden, the claimant must demonstrate an inability "... to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months ..." 42 U.S.C. § 423(d)(1)(A). If he has made out this prima facie case of disability, the burden shifts to the Secretary to show that the claimant can perform other types of work in the national economy, given his residual functional capacity, age, education, and work experience. Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir.1986).
 
 
 8
 The ALJ found that Casey had the residual functional capacity to perform his past relevant work as an upholsterer between the dates of January 1, 1981 and July 8, 1982 and between April 29, 1983 and August 3, 1984 and therefore did not meet his burden of proving disability until that time. Since the ALJ found Casey did not make out his prima facie case, the burden never shifted to the Secretary. Miller v. Heckler, 770 F.2d 845, 850 (9th Cir.1985). Accordingly, the ALJ concluded that Casey was not disabled on or before June 30, 1984, the date on which Casey's insured status expired.
 
 
 9
 Casey claims that the ALJ erred in finding that he did not meet the definition of disability set forth in Title II of the Social Security Act. See C.F.R. § 404 Subpt. P, App. 1. According to § 10.10, Casey's weight, at 71 inches tall, was below the 328 pound level nor did he have one of the accompanying ailments within the statute on or before June 30, 1984. It was found that, although Casey weighed 346 pounds as of the second administrative hearing, he did not weigh the requisite amount prior to or on June 30, 1984. As was stated by ALJ Tunik, "the significant feature of this record and the claimant's medical problems for many months before July of 1984 is the demonstration of the claimant as a person no less able to function than he was before the alleged onset of his disability on January 1, 1983." (Rec. at 33).
 
 
 10
 Casey also alleges that his digestive problems constitute an "accompanying ailment" under § 5.00 of the listings. Casey argues that the opinions of his treating doctor were ignored by the administrative law judge and the district court. When the conflict is between the opinions of a treating physician and an examining physician it is the rule in this circuit that "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983).
 
 
 11
 Plaintiff has consulted many physicians regarding his various ailments, and the ALJ and district court addressed all of their findings. Dr. Putra was deemed by plaintiff as a treating physician, and in June, 1984, reported, in a letter addressed "To Whom it May Concern", that plaintiff had generalized osteoarthritis and possible periarteritis nordosa which prevented him from pursuing gainful occupation at the time. ALJ Tunik found this letter to be unsupported by the medical reports and found that a definite diagnosis was never made. In coming to these conclusions, the ALJ conducted a thorough review of the medical evidence. The hospital records and several reports from Casey's treating physicians do not indicate that Casey's condition got any worse for any twelve month period between 1980 and 1984.
 
 
 12
 Casey argues the ALJ failed to address the effects of pain on his ability to work. We require "the claimant to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain." Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (citing Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986)). We determined that "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Id. at 345. We concluded that when an adjudicator finds the claimant's allegations of severity not to be credible, "the adjudicator must specifically make findings which support this conclusion." Id.
 
 
 13
 To evaluate a claimant's credibility, we have instructed:
 
 
 14
 [A] relevant factor may be unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment. An adjudicator may also use ordinary techniques of credibility evaluation to test a claimant's credibility. So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence.
 
 
 15
 Id. at 346 (internal quotations and citations omitted). In the instant case, the ALJ made specific findings regarding the claimant's credibility. The ALJ found that "it [was] not a question of whether to believe but what to believe between conflicting information." He found Casey's complaint that he was kept a prisoner in his home by diarrhea to be "incredible" when compared with (a) Casey's statement in July of 1984 that he had had three bowel movements a day since 1979, and (b) when, in association with the surgery to undo the bypass, he provided a medical history which did not mention diarrhea.
 
 
 16
 The ALJ made further findings regarding the credibility of Casey's complaints of pain:
 
 
 17
 Given substantial evidence of the claimant's inaccurate presentation of his symptoms, his other statements must be taken with caution. With this in mind, and considering the claimant's record of visits to his doctors and the availability of medical treatment with the Veterans Administration, it is considered highly unlikely that he had any significant problem with pain or dysfunction from kidney stones which is not shown on his contemporaneous medical records. Thus, the weight of the evidence warrants a finding that the claimant did not have a problem with pain or dysfunction from kidney stones after May of 1980. The same result is applicable to the claimant's condition from February of 1983 through August 2, 1984, as it relates to the claimant's complaints of disability from hypertension, uncontrolled diabetes, dizziness, chest pain, congestive heart failure, arthritis, and chronic or recurrent joint pain.
 
 
 18
 Thus, the ALJ found Casey was not a credible witness.
 
 
 19
 The evidence fully supports the ALJ's credibility determinations. Though Casey complained of chest pain, the medical record shows no heart abnormality to be present or a part of his history. Moreover, convincing evidence that there was no abnormality before June 30, 1984 is provided by the normal angiogram findings in August, 1984, the absence of any treatment for a heart abnormality, and the absence of any subsequent identification of a heart abnormality.
 
 
 20
 While Casey complained of pain in his joints between January 1, 1982 and July 8, 1982, a medical cause was never identified. Similarly, though Casey complained of flank pain on July 8, 1982, surgery was performed and the treating surgeon indicated on April 29, 1983 that Casey's recovery was complete.[1]
 
 
 21
 Because the ALJ made specific findings which support his conclusion that Casey's allegations of pain were not credible, his analysis satisfied Bunnell. The evidence supports the ALJ's credibility determination. Accordingly, we hold that Casey was not entitled to disability insurance benefits under Title II of the Social Security Act.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Though Casey experienced abnominal pain which began on July 8, 1982, the doctor stated he was fully recovered on April 29, 1983. This period fails to satisfy the requirement that the complainant be unable to work for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A)