**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRAIG LYNN ALLUMS,

               Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

               Defendant - Appellee.

No. 14-15751

D.C. No. 3:13-cv-01496-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and N.R. SMITH, Circuit Judges.

Craig Allums appeals from the district court's order affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits. We review the decision of the administrative law judge (ALJ) without

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

deference to the district court, *see Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999), and we affirm.

1.    The ALJ's credibility determination with regard to Allums is supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Contrary to Allums's assertions, the ALJ did not find that Allums was not credible. The residual functional capacity (RFC) assessment is "largely consistent" with Allums's claims. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008). At most, the ALJ may have rejected Allums's claim that he had difficulty performing simple tasks. However, the ALJ clearly and convincingly reasoned that, based on Allums's daily activities, Allums could concentrate adequately to perform simple, repetitive activities. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007); 20 C.F.R. § 404.1529(c)(3)(i) (daily activities are relevant to credibility).

2.    The ALJ did not err by failing to hear lay witness testimony from Allums's brothers. Allums has cited no authority for his argument that an ALJ is required to hear oral lay witness testimony in lieu of written statements. Nor has Allums shown that the record was ambiguous, such that oral testimony was needed to allow the ALJ to properly evaluate the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is

triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Further, Allums waived his opportunity to present additional written evidence by advising the ALJ that doing so would be "redundant."

3.     Allums asserts that the ALJ erred by failing to consider his brothers' opinions as lay witness testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). However, the ALJ did consider the brothers' opinions: the ALJ compared a statement made by Allums's brother with the results of a licensed psychologist's mental evaluation (conducted that same day).

Further, even if the ALJ had not discussed the brothers' statements at all, doing so would have been harmless, because the error "was inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). As with Allums's statements, the ALJ did not "wholly reject" Allums's brothers' allegations. *See Carmickle*, 533 F.3d at 1163. Rather, most of the statements made by the brothers are consistent with the RFC selected

by the ALJ. *See id.* To the extent the ALJ rejected the brothers' allegations, she supported her determinations with substantial evidence in the record. *See id.*

4.      The ALJ did not err by giving "great weight" to the opinions of one licensed psychologist, while disregarding portions of his opinions. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" (quoting *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988))). The ALJ adopted an RFC that was based on the portions of the psychologist's opinions that were supported by substantial medical evidence.[1] The ALJ deviated from the psychologist's opinions only where the opinions lacked substantial support in the medical record, and those deviations were always in Allums's favor.

5.      The Appeals Council did not err by refusing to consider a treating physician's opinion letter, which Allums submitted after the ALJ had issued her decision. The letter did not "relate[] to the period on or before the date of the [ALJ]

---

[1] Allums cites *Kail v. Heckler*, 722 F.2d 1496 (9th Cir. 1984), and *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001), in support of his argument that the ALJ could not accept in part and reject in part a physician's opinions. However, *Kail* and *Holohan* are inapposite. In *Kail* and *Holohan*, the ALJ adopted an RFC based on a medical expert's testimony that was either contradicted by or not supported by substantial evidence. Such is not the case here.

hearing decision." *See* 20 C.F.R. § 404.970(b). The opinion letter explained that Allums had been referred for further evaluation and that it was unlikely he *would be* able to obtain or hold a full-time job because he has difficulty "following directions, self-directing his work, and maintaining adequate attention on task or assignment." The letter did not express any opinion on Allums's mental capacity at the time of the ALJ's decision in this case.

6.      The ALJ did not abuse her discretion by requiring Allums's attorney to frame his hypotheticals to the vocational expert (VE) in quantitative terms. The ALJ provided Allums's attorney numerous opportunities to restate his questions; the attorney was unable to do so effectively. Further, Allums has not shown that the answers his attorney would have elicited from the VE would have been any different from those already obtained through the ALJ's questioning. Thus, even if the ALJ had erred, Allums has not shown that such error was prejudicial. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

7.      Allums's request to supplement the record and remand under sentence six of 42 U.S.C. § 405(g) is denied. Allums presents as new evidence: (1) a medical report completed more than one and a half years after the ALJ issued her decision, and (2) an ALJ's decision finding Allums disabled for purposes of Supplemental Security Income in a subsequent hearing. Although Allums may have good cause

-5-

for failing to present the evidence before the district court (because he was "unable to obtain it" before the district court issued its decision), the evidence is not material to the ALJ's decision in this case. *See* 42 U.S.C. § 405(g).

Allums has not shown that any of his new evidence is "probative of [his] mental . . . impairment" during the relevant period. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Nor has Allums shown "a reasonable possibility that the new evidence would have changed the outcome of the determination." *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (citation, internal quotation marks, and alterations omitted). Allums has not explained how the medical report—completed well after the ALJ's decision—demonstrates that Allums was disabled prior to his date last insured. *See Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (per curiam) (ALJ was not required to consider the opinion of "a psychiatrist who examined [the claimant] . . . one and a half years after the expiration of [his] insured status"). Nor are we required to remand to reconcile differences between two applications for disability benefits when, as here, the applications involve different time periods, circumstances, and evidence. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001).[2]

**AFFIRMED.**

---

[2] Allums's motion for judicial notice is denied.

-6-