NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONICA PILGREEN, | No. 17-16535 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01447-ESW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding

Argued and Submitted December 17, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,** District Judge.

Monica Pilgreen appeals the district court's judgment affirming the denial of

her application for benefits by the Commissioner of Social Security

("Commissioner"). We assume familiarity with the facts, procedural history, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

issues on appeal. We review the Commissioner's decision for substantial evidence and legal error, and the district court's affirmance de novo. *See Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

At the initial and reconsideration stages, nonexamining state agency psychologists opined that Pilgreen could "understand, remember and carry out simple, but not detailed instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in a routine work settings [sic]." In contrast, consulting psychologist Betty Eitel, Ph.D., examined Pilgreen and opined that she "can understand, carry out, and remember instructions only for one-two steps," that she "cannot sustain concentration and persist in work-related activity at a reasonable pace," and that she "cannot maintain effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public, or deal with normal pressures in a competitive work setting."

After considering this evidence, the ALJ found that Pilgreen "retains the ability to understand, remember, and carryout simple instructions and tasks," and that she "cannot interact with the public." He otherwise rejected Dr. Eitel's opinion.

The ALJ's rejection of Dr. Eitel's opinion was error. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

2

may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ stated that Dr. Eitel's conclusions were "not fully supported by her own findings." But in fact, the substance of his criticism concerned the extent of her testing and her interpretation of the results. The ALJ's assessment of Dr. Eitel's methodology and interpretation was not supported by any medical evidence, and he was not free to substitute his own lay opinion. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *cf. Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("[T]he ALJ's personal observations of Taylor do not constitute substantial evidence for rejecting any of the opinions of Taylor's physicians who have found Taylor psychologically impaired.").

The ALJ further reasoned that Dr. Eitel's opinion "appears to be based largely, if not solely, on the claimant's subjective reports." However, Dr. Eitel also performed tests and made her own observations. Her assessment was, therefore, a typical psychological evaluation. That it relied in part on Pilgreen's self-reports is not a valid reason for rejecting it. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("[T]he rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.").

3

Dr. Eitel's opinion did depend in part on the veracity of Pilgreen's self-reports, but she found Pilgreen to be "a reliable informant." The ALJ reached a contrary conclusion, based on "the lack of corroborating evidence regarding daily suicidal thoughts and the minimal evidence of treatment for pain or mental impairment issues even when hospitalized for other issues." But Dr. Eitel noted only that Pilgreen had "current suicidal ideation." There is no evidence that Pilgreen exaggerated the frequency of her suicidal thoughts to Dr. Eitel. Regarding the lack of treatment, the record reflects that Pilgreen had seen a mental health professional, but stopped shortly after her eligibility for financial assistance came into question. She continued to take a sedative and two antidepressants at the time of Dr. Eitel's evaluation. So she was being treated for mental health issues, although she reported that the treatment was only partially successful.

In sum, we are not satisfied the ALJ's reasons for rejecting Dr. Eitel's opinion were legitimate and supported by substantial evidence. Moreover, the record regarding Pilgreen's mental impairments has been fully developed; there is no need to remand to resolve the conflict between Dr. Eitel's opinion and those of the state agency psychologists because "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion [of] an examining physician." *Buck*, 869 F.3d at 1050 (quoting *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)). We therefore credit Dr. Eitel's

4

opinion as true. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (citing *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988)). Since that opinion "leaves not the slightest uncertainty as to the outcome of the proceeding," we exercise our discretion to remand with instructions to remand to the Commissioner for an immediate award of benefits. *Id.* (internal quotation marks, citations and alterations omitted). That disposition makes it unnecessary to address Pilgreen's remaining arguments.

**REVERSED and REMANDED with instructions.**