NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY MALVEAUX,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   20-17334

D.C. No. 2:18-cv-01952-DMC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Argued and Submitted February 16, 2022
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,**
District Judge.

This appeal arises from a Social Security benefits determination by an

Administrative Law Judge ("ALJ"). Appellant Gregory Malveaux ("Malveaux")

appeals a district court ruling affirming the denial of his request for disability

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

benefits after more than a decade of litigation. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for an award of benefits.

Malveaux suffered a self-described "psychotic break" in May 2011, and was hospitalized for several days with anxiety, paranoia, delusions, and hallucinations. He has since been prescribed psychiatric drugs to control his symptoms and received routine evaluations from psychiatrist Dr. Robert Ruxin, as well as a physician, a nurse, and a therapist. All four found that he was well-groomed and mild-mannered, but all four observed varying levels of paranoia, stress, and anxiety.

Malveaux has come before an ALJ on three separate occasions. On November 7, 2011, Malveaux was denied benefits on a disability claim related to a back injury. In this proceeding, the ALJ found that Malveaux's mental conditions were not sufficient to render him disabled. Malveaux submitted a subsequent claim, and in 2014, the ALJ found that Malveaux was not disabled prior to May 8, 2012. The Social Security Administration's Appeal Council vacated the ALJ's determination that Malveaux was not disabled between November 8, 2011, and May 7, 2012, and instructed the ALJ to place greater emphasis on Malveaux's mental health evidence on remand. Nevertheless, in 2017, the ALJ denied relief again, issuing a decision that mirrored her 2014 ruling. In this decision, the ALJ discredited the claimant's testimony, discounted his wife and his treating physician, and denied relief, noting that no credible evidence on record supported the claimed disability.

**Onset Date Determination:** The ALJ only considered whether Malveaux was disabled between November 8, 2011, and May 7, 2012. Malveaux argues that the ALJ erred by treating November 8, 2011, as the onset date of his symptoms, rather than May 29, 2011—the date he was hospitalized for mental health concerns. We agree with this assertion. The record contains uncontroverted evidence that Malveaux was hospitalized on May 29, 2011, and that this hospitalization is the foundation of his disability claim. Neither party contests these facts. Nor does *res judicata* compel a different result: The Appeals Council noted that Malveaux was hospitalized in May 2011, and each ALJ characterized his mental health symptoms differently. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001) ("[R]es judicata does not apply when an ALJ later considers 'on the merits' whether the claimant was disabled during an already-adjudicated period."). Given the unique facts of this case, we conclude that May 29, 2011 was the proper onset date.

**Dr. Ruxin's Opinions:** Malveaux next argues that the ALJ erred by discrediting testimony by his treating physician, Dr. Ruxin. We concur. "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). "[T]he opinions of nonexamining doctors 'cannot by [themselves] constitute substantial evidence that justifies the rejection of the opinion of either an examining

physician *or a treating physician.*'" *Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017) (alteration in original). Moreover, an ALJ cannot "isolat[e] a specific quantum of supporting evidence" while disregarding the countervailing weight of the physician's opinion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

The ALJ provided inadequate reasons for discounting Dr. Ruxin's opinions, as those opinions were consistent with Malveaux's daily activities and objective evidence on the record. Moreover, the record indicates that the ALJ gave greater weight to the testimony of three nontreating physicians, only one of whom was a psychologist. *See Revels*, 874 F.3d at 665–66; *Smolen*, 80 F.3d at 1285 ("[T]he opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist."). Additionally, the ALJ selectively credited portions of Dr. Ruxin's testimony that "show[ed] that [Malveaux] is capable of simple repetitive tasks," while disregarding all portions that supported a finding of disability. *Cf. Ghanim v. Colvin*, 763 F.3d 1154, 1164–65 (9th Cir. 2014) ("[T]he ALJ improperly cherry-picked some of [the physician's] characterizations of [claimant's] rapport and demeanor . . . ."). Each of these conclusions was error.

**Claimant's Testimony:** Malveaux also asserts that the ALJ should not have discredited his own testimony as to the severity of his symptoms. As this Court noted in *Smith v. Kijakazi*:

'An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.' . . . [Second,] provided 'there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'

*Smith v. Kijakazi*, 14 F.4th 1108, 1111–12 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)).

In this case, the ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but took issue with "the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms." The ALJ's reasons for doing so are not "clear and convincing." *See Moors v. Comm'r*, 278 F.3d 920, 924 (9th Cir. 2002) ("The clear and convincing standard is the most demanding required in Social Security cases."). First, due to the erroneous onset date determination, the ALJ failed to consider the medical records that were most relevant to Malveaux's disability. Second, the ALJ placed undue emphasis on several activities that have no apparent relationship to Malveaux's work capacity, such as his ability to "count change," to "read, write stories, and use the computer," and to "watch television." Third, the ALJ's conclusion that Malveaux was capable of leaving his home and completing

chores overlooks the fact that he frequently required his wife's assistance to complete these tasks.

**Lay Witness Testimony:** Finally, Malveaux takes issue with the ALJ's decision to discount his wife's testimony. As Ms. Malveaux is not a claimant in this case, her lay testimony is not subject to the same stringent analysis as her husband's, and may be rejected for "germane" reasons, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996), such as conflicts with medical evidence on the record, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ made such a finding, noting that no medical evidence supported Ms. Malveaux's assessment of her husband's symptoms. However, this analysis is contaminated by the erroneous rejection of Dr. Ruxin's opinion, which would have corroborated Ms. Malveaux's lay testimony. Accordingly, we agree that the ALJ erred in discounting this testimony.

**Award of Benefits:** In light of the foregoing errors in the ALJ's analysis, we reverse the decision of the district court. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). In *Trevizo*, we held that a remand for benefits is appropriate if three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

6

*Id.* at 682–83 (quoting *Garrison*, 759 F.3d at 1020). In this case, the record is fully developed and would not be served by additional proceedings. The ALJ also failed to provide legally sufficient reasons for her ruling, and the ALJ's errors undercut the only basis for contesting "the intensity, persistence, and limiting effects of [Malveaux's] symptoms." Accordingly, we reverse the ALJ's decision and remand for an award of benefits.

**REVERSED AND REMANDED.**