Rachael M. BONILLA,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant-Appellee.

No. 80–5897.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1982.

Decided March 19, 1982.

F. James Bear, National City, Cal., for plaintiff-appellant.

Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

Before PREGERSON and FERGUSON, Circuit Judges, and ORRICK,* District Judge.

PER CURIAM:

Bonilla appeals from a district court order granting summary judgment in favor of the Secretary, after the Secretary denied her application for social security disability benefits. The district court found that there was substantial evidence to support the Secretary's conclusion that Bonilla had no serious physical or mental impairment that prevented her from working. On appeal, plaintiff correctly contends that the Secretary's decision was not supported by substantial evidence because he failed to introduce expert vocational testimony. Therefore, the judgment is reversed.

* Hon. William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

In April 1976, Bonilla, a 40-year-old woman, injured her shoulder and neck when an electric buffer machine went out of control. At that time, she was employed as a janitress at Texas Tech. University. Bonilla claimed that her injury involved not only her neck and shoulder, but also her psychiatric ability to function.

The administrative law judge determined that even if the claimant's subjective complaints were credible, she nevertheless could return to at least some of her former work assignments as long as such assignments did not include the operation of heavy equipment. The Secretary cites a number of cases in favor of his proposition that a person is not disabled if he or she can perform the former work. Most of these cases, however, address a different issue. The cases are concerned with a person capable of doing different kinds of work, who loses only the ability to perform one of these. For example, if a person worked formerly as both a switchboard operator and a construction worker, and could no longer work as a construction worker but could still work as a switchboard operator, that person would not be considered disabled. It is not enough to simply state that there is some kind of work the claimant can do.

■ "The rule which emerges, is that except in the most obvious cases, the Secretary's burden is discharged only when there is an affirmative attempt to link the existence of certain specific jobs with the capacities and limitations of the individual claimant." *Phillips v. Harris*, 488 F.Supp. 1161, 1167 (W.D.Va.1980).

■ Neither the district court nor the administrative law judge specifically considered the various physical and mental limitations suffered by Mrs. Bonilla and their effect on her ability to perform her former work. There was no evidence received by the administrative law judge which would indicate what kinds of jobs were available to Mrs. Bonilla and whether she could handle those jobs. Neither the Secretary nor the district court made any findings as to what a lighter form of her previous employment would require. Once the claimant proves that she is disabled from her last employment, the burden shifts to the Secretary to show that the claimant has the capacity to perform a specific job that exists in the national economy. *Boyd v. Gardner*, 377 F.2d 718 (4th Cir. 1967). Facts pertaining to the capacity of an individual to perform a specific task must be introduced into evidence in order to support a finding that the claimant is able to do such work. *Taylor v. Weinberger*, 512 F.2d 664, 668 (4th Cir. 1975). Since it is conceded that Mrs. Bonilla is no longer able to continue the heavy manual labor required of a janitress in a major building, it is incumbent upon the Secretary to show that there is work suitable for Mrs. Bonilla. *Boyd v. Gardner, supra*, at 721. Nothing in the record indicates that the Secretary ever considered if there existed any janitress jobs which would not require Mrs. Bonilla to use her injured left arm daily or, more specifically, whether there existed a janitress job which would require no lifting or straining of her left arm.

Once the claimant shows that she is disabled to the point that she can no longer perform her former job, the burden shifts to the Secretary to show affirmatively that there is other gainful employment in the economy which the claimant can perform. *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980). The Secretary did not meet his burden. Therefore, the case is REVERSED AND REMANDED.