Doris ROBERTSON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. C–80–3901 SC.

United States District Court, N.D. California.

Jan. 24, 1985.

John MacMorris of Langer, Murray & MacMorris, San Francisco, Cal., for plaintiff.

Joseph Russoniello, U.S. Atty., Northern District, California, San Francisco, Cal., for defendant.

## ORDER RE MOTIONS FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff brings this action pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act ("Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Secretary of Health and Human Services ("Secretary") denying her claims for disability insurance benefits, disabled widow's insurance benefits, and supplemental security income benefits based on disability. Plaintiff does not contest the portion of the Secretary's decision holding that plaintiff is not entitled to disabled widow's insurance benefits. The Secretary's findings must be supported by substantial evidence and the Secretary must have applied the proper legal standards in denying plaintiff's claims. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). If the Secretary's findings are not supported by substantial evidence *or* are based upon a legal error, the Secretary's denial of benefits must be set aside. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). The matter is currently before the court on plaintiff's and the Secretary's cross-motions for summary judgment.

The term "disability" is defined by section 223(d)(1)(A) of the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting at least one year. 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The claimant has the initial burden of establishing that he is unable to do his previous work, but once the claimant has made such a showing the burden shifts to the Secretary to show that there is other substantial gainful activity that the claimant can perform. *Bonilla v. Secretary of HEW*, 671 F.2d 1245, 1246 (9th Cir.1982); *Hall v. Secretary of HEW*, 602 F.2d 1372, 1375 (9th Cir.1979). Under certain "medical-vocational guidelines" ("grids") promulgated by the Secretary, *see* Appendix 2 of Subpart P, 20 C.F.R. § 404.1501 *et seq.*, a claimant will be found capable of "other substantial gainful employment" if he meets certain age, educational, skill and exertional requirements.

Plaintiff filed applications for the three types of benefits she sought on June 12, 1979, alleging that she became unable to work, due to a back injury and angina, in October 1969, which was later amended to October 1, 1970. Plaintiff's applications were denied initially and on reconsideration by the Social Security Administration after a finding that plaintiff was not disabled. On May 20, 1980 the Administrative Law Judge ("ALJ") also found that plaintiff was not disabled. The decision of the ALJ was adopted as the final decision of the Secretary by the Appeals Council on September 3, 1980.

Plaintiff then sought judicial review of the Secretary's decision with this court. In an order dated April 2, 1981 the court affirmed the Secretary's decision. Plaintiff appealed this court's affirmance of the Secretary's decision to the Ninth Circuit. On April 15, 1982 the Ninth Circuit reversed the April 2, 1981 order of this court and remanded the case to the Secretary for further administrative action.

Pursuant to Ninth Circuit's remand, the Appeals Council on May 28, 1982 vacated its denial of plaintiff's request for review and remanded the case to an ALJ. On February 10, 1983 plaintiff, her attorney, and two vocational experts appeared before the ALJ. On October 31, 1983 the ALJ issued two recommended decisions in which he found that plaintiff was not entitled to disability insurance benefits, supplemental security income benefits, or disabled widow's insurance benefits. The decisions by the ALJ became the final decisions of the Secretary when they were modified and adopted as modified by the Appeals Council on July 6, 1984.

The parties frame the issue before the court solely as whether plaintiff's previous skilled work as a licensed vocational nurse provided her with skilled or semiskilled skills which are transferable to sedentary work occupations, which the Secretary determined that plaintiff has the residual functional capacity to perform. The parties agree that if plaintiff acquired such transferable skills she is not disabled, and if she did not then she is disabled. The parties focus on the above issue based on the following medical-vocational guidelines within 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1: under the rubric of sedentary work, in accordance with either the "advanced age" or "closely approaching advanced age" categories (*see* 20 C.F.R. § 404.1563(c) and (d)), if plaintiff has skilled or semiskilled skills which are transferable she is not disabled (Rules 201.07 and 201.15), and if plaintiff does not have such transferable skills she is disabled (Rules 201.06 and 201.14).

At the post-remand hearing before the ALJ, two vocational experts, Dr. Leonard Newman and Mr. Dale Stoop, testified as to the transferability of plaintiff's skills. Dr. Newman testified that plaintiff was without any transferable skills from her previous work which could be applied to alternative sedentary or light work activities. Mr. Stoop, on the other hand, testified to the contrary. Plaintiff argues that the Secretary's ultimate reliance on Mr. Stoop's testimony was ill-founded because Mr. Stoop's definition of skill was erroneous as a matter of law, and thus the Secretary's decision was based upon an improper legal standard and therefore may not stand, pursuant to *Kail v. Heckler*, 722

F.2d at 1497. Plaintiff acknowledges that if Mr. Stoop's definition of skill was correct as a matter of law, then the Secretary's decision was based upon the substantial evidence, pursuant *Delgado v. Heckler*, 722 F.2d at 572.

The court concludes, as will be discussed below, that the Secretary's reliance on Mr. Stoop's testimony resulted in the application of an improper legal standard, because such testimony was flawed by the fact that Mr. Stoop implemented the wrong definition of skill. Furthermore, the substantial evidence supports the testimony of Dr. Newman stating that plaintiff did not have transferable work skills. Consequently, the decision of the Secretary must be reversed.

Mr. Stoop characterized plaintiff's transferable skills as: "the ability to learn and apply and use technical training"; "[t]he ability for working with and relating to people, obtaining their trust and confidence, building rapport"; "[t]he ability to be able to pay close attention to details with the exactness and precision that's necessary to maintain charts and distribute medications"; and "finger dexterity and manual—manual dexterity, and eye/hand coordination." Mr. Stoop testified that these alleged skills of plaintiff could be transferred to the following alternative jobs: home companion, medical assistant, ward clerk, appointment clerk, hospital admissions clerk, insurance verifier, and laboratory aide.

■ Mr. Stoop testified that he relied on a definition of skill as the ability to pay close attention to detail, as well as finger and manual dexterity, in arriving at the list of alternative jobs that he determined plaintiff's skills could be transferred to. This definition of skill is inaccurate, as will be discussed below. Furthermore, Mr. Stoop acknowledged that if the definition of skill did not include manual dexterity and the ability to pay close attention, which it does not, then plaintiff did not have transferable skills. This acknowledgment by Mr. Stoop undercuts the Secretary's finding that plaintiff had transferable work skills (such as keeping appropriate patient charts, recording vital signs and changing dressings, using medical equipment, and administering medications), because the Secretary relied on Mr. Stoop's erroneous testimony in reaching this conclusion.

Mr. Stoop confused the definition of skill with that of trait or aptitude. Social Security Ruling 82–41, which is binding upon all components of Social Security Administration (*see* 20 C.F.R. § 422.408), in referring to "alertness and close attention ... coordination and dexterity," states in Ruling 82–41(2)(d) that "[t]hese descriptive terms are not intended ... to illustrate types of skills, in and of themselves," but rather that "the terms describe work traits (aptitudes or abilities) rather than acquired work skills." Ruling 82–41(2)(d) further states that "[i]t is the acquired capacity to perform the work activities with facility (rather than the traits themselves) that gives rise to potentially transferable skills." Ruling 82(2)(a) defines a skill as follows:

A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level.... It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery. A skill gives a person a special advantage over unskilled workers in the labor market.

■ It is clear from the above the Mr. Stoop was more accurately describing plaintiff's work traits or aptitudes, and not plaintiff's work skills that may or may not be transferable. Thus, his testimony that plaintiff's work skills were transferable was erroneous and so was the Secretary's reliance on his testimony.

Furthermore, the substantial evidence supports the testimony of Dr. Newman.

Dr. Newman has been recognized as a vocational expert since 1972 by the Social Security Office of Hearings and Appeals. Dr. Newman evaluated plaintiff as possessing the following skills:

[Plaintiff's] skills ... involve direct patient care for individuals who are ill or injured or convalescent and may also be handicapped, in various hospitals and clinics, convalescent hospitals and so forth.

[Plaintiff] is trained to take—record vital signs including temperature, blood pressure, so on. May apply dressings, give enemas, douches, rubs to the patient and will observe and chart their—their behavior or activities and may as well under supervision of a registered nurse or a physician, assemble and utilize oxygen and other medically required things such as tracheotomy tubes and so on.

[Plaintiff] will of course bathe, dress and assist patients in walking and ambulation as needed.

Dr. Newman testified that plaintiff's skills are only transferable within the health services industry. He concluded that there exist no other occupations either in a lateral positions or positions requiring lesser skill that demand any less exertion than that of plaintiff's previous employment as a licensed vocational nurse, and thus that plaintiff had no transferable skills to light or sedentary work. Upon a review of the record, the court finds the testimony of Dr. Newman persuasive.

■ Therefore, because the Secretary relied on improper legal standards in ascertaining whether plaintiff has transferable skills, and because the substantial evidence establishes that plaintiff does not have such skills, the decision of the Secretary cannot be affirmed. Reversal is more appropriate than remand in this case, as this litigation has been ongoing for many years, and a rehearing would simply delay plaintiff's receipt of benefits. *See Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981).

In accordance with the foregoing, it is hereby ordered that:

(1) plaintiff's motion for summary judgment is granted;

(2) the Secretary's motion for summary judgment is denied; and

(3) the Secretary's decisions denying plaintiff's eligibility for disabled widow's benefits, disability insurance benefits, and supplemental security income benefits are reversed, and plaintiff is hereby entitled to the latter two types of benefits.