67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen S. COLLIER, Plaintiff-Appellant,
v.
Shirley S. CHATER,** Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 94-35545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Oct. 5, 1995.
 
 1
 Before: ALARCON and CANBY, Circuit Judges and FITZGERALD*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 The parties are familiar with the facts of the case; we will not recite them here. We conclude, in light of Collier's combined physical and mental limitations, that the ALJ erred in finding Collier capable of performing other types of substantial gainful work in the national economy. We reverse the district court's grant of summary judgment and remand for an award of benefits.
 
 ANALYSIS
 
 4
 We review de novo the district court's order of summary judgment, and will affirm decisions of the Secretary when they are supported by substantial evidence and are the result of correct application of legal standards. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993).
 
 
 5
 First, we agree that substantial evidence supports the ruling of the ALJ that Collier's physical impairment alone does not establish his disability. The ALJ found that Collier had demonstrated the existence of a severe impairment, but he rejected Collier's allegations that the resultant pain was disabling. The pain that Collier claimed to experience was more severe than could be supported by the objective medical evidence. While complaints of pain may not be disregarded solely because they are objectively disproportionate, Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986), here the ALJ made the specific findings necessary to support his rejection of Collier's allegations as to the severity of his pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991).
 
 
 6
 In his Decision, the ALJ relied specifically on: (1) Dr. Moulton's assessment that Collier "probably ... exaggerat[ed]" his symptoms; (2) Dr. Allan's testimony that Collier's behavior during his medical examination was "unrealistic" in relation to the severity of pain he was reporting; and (3) his own assessment, based on his observation of Collier during the hearings and the other evidence before him, that Collier's testimony lacked credibility on the pain issue. This evidence meets the substantiality standard of Matthews, as well as Bunnell 's specific findings requirement.
 
 
 7
 The ALJ also found that Collier suffers from somatoform pain disorder, which is "an unconscious or nonvolitional preoccupation with pain which is out of proportion to the objective physical findings." Collier notes correctly that "psychological factors can combine with physical impairments to cause intensified pain and further limit employability." Nevertheless, the ALJ has great discretion in examining such a combination of impairments, and here he acted within that discretion.
 
 
 8
 The ALJ found, on the basis of medical testimony, that Collier's combined impairment did not meet the level of the Listing of Impairments found in 20 C.F.R. Sec. 404, Subpt. P, Appendix 1. Dr. Moulton's and Dr. Allan's evidence also supports the ALJ's conclusion that Collier's perceived pain, even if amplified through a somatoform pain disorder, does not rise to the level of a disability.
 
 
 9
 Thus we find that substantial evidence existed to support the Secretary's conclusion that Collier was not disabled as a result of his physical impairment alone. We further conclude, however, that the Secretary failed to meet her burden of showing that, given Collier's combined physical and mental limitations, other work exists in the national economy which he can perform.
 
 
 10
 The ALJ found that while Collier retained some residual capacity to perform restricted light work, that residual capacity was not great enough to allow performance of his past work. In order to deny disability benefits in this situation, the Secretary bears the burden of demonstrating that Collier "has the capacity to perform a specific job that exists in the national economy." Bonilla v. Secretary HEW, 671 F.2d 1245, 1246 (9th Cir.1982). The Secretary attempted to satisfy her burden by introducing the testimony of two vocational experts.
 
 
 11
 Choosing from among the many reports assessing Collier's physical and mental limitations, the ALJ assembled several hypothetical profiles of a person whose condition approximated Collier's. He then presented the profiles to the vocational experts and asked them to indicate what and how many jobs in the national economy, if any, each of the hypothetical persons profiled could perform.
 
 
 12
 Expert Flynn concluded that there was no work that any of the persons profiled could perform. Expert Cutler also unequivocally responded that the individuals in two of the four hypotheticals put before him could not perform any jobs in the national economy. Cutler's evaluations of the other two hypothetical persons, if they can be taken at all as indicating that jobs existed for the individuals, were so heavily qualified that they cannot be reasonably viewed as encompassing Collier's position. This testimony is not substantial evidence.
 
 
 13
 The ALJ picked through the evaluations of Collier's physical and mental limitations until he arrived at a combination representing the most optimistic possible assessment of Collier's residual capacities. Even then, neither vocational expert clearly indicated that a person possessing the profiled abilities would definitely be able to perform any of the jobs in the economy. Cutler's sole, qualifiedly favorable assessment of one heavily manipulated hypothetical profile, when measured against both experts' negative responses to all other hypotheticals put to them, cannot be accepted by "a reasonable mind ... as adequate to support a conclusion." Travers v. Shalala, 20 F.3d 993, 996 (9th Cir.1994).
 
 
 14
 Because the vocational testimony supports only a finding that Collier cannot perform any jobs in the economy, we reverse and remand to the district court, with instruction to remand to the Secretary for an award of benefits.
 
 
 15
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decisin without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with section 106(d) of P.L. 103-296, Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 ***
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3