79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald A. CLARK, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration,** Defendant-Appellee.
 No. 94-56218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.***
Decided March 13, 1996.
 
 Before: BEEZER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Clark appeals a judgment upholding the denial of his claim for Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm in part, reverse in part and remand.
 
 
 3
 * We review de novo the district court's judgment upholding the denial of benefits. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.1995), petition for certiorari filed, November 28, 1995. We will reverse the Commissioner's decision denying benefits only if there is legal error or if the decision is not supported by substantial evidence. Id.
 
 
 4
 Clark challenges the ALJ's findings regarding his residual functional capacity (RFC) and his ability to perform his past relevant work of plastic molder foreman. We address each of these challenges separately.
 
 II
 
 5
 The ALJ found that Clark can perform "light" work, with job restrictions that allow Clark "to alternately sit or stand at his option," and that his future work involve only "limited left foot control activity." Light work may involve frequent lifting of up to 10 pounds, with no lifting over 20 pounds. 20 C.F.R. § 404.1567(b). We agree with the district court that there is substantial evidence to support the ALJ's findings regarding Clark's residual functional capacity (RFC).
 
 A.
 
 6
 In Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir.1988), the ALJ misinterpreted the treating physicians' diagnosis, which was phrased to comply with California workers' compensation statute, as referring to Social Security guidelines. We reversed and remanded.
 
 
 7
 Clark says that like Desrosiers, the ALJ failed to recognize a conflict between the terminology Dr. Brodie used and the language in the other physicians' reports. Clark says Dr. Brodie's report uses California's workers' compensation language rather than "more typical Social Security language." Clark argues that Dr. Brodie's listing of specific percentages (25% loss in flexibility, 35% loss in lifting ability) and pounds (should not lift more than 60 pounds) under Clark's "work restrictions," must be translated from California workers' compensation terminology. Clark states that when translated, the working restrictions Dr. Brodie gives state he has lost half of his capacity to bend, stoop, lift, etc. Even if Clark's interpretation is correct, there is no evidence that the ALJ misinterpreted Dr. Brodie's terminology. The ALJ's review of Dr. Brodie's diagnosis focused on Dr. Brodie's medical terminology (e.g., "The range of motion in the lumbar spine was restricted in the following planes: flexion between 40 to 70 degrees ..."), not Dr. Brodie's definition of Clark's work restrictions.
 
 B.
 
 8
 Clark also argues that the ALJ erroneously rejected the findings of Clark's treating physician. Clark argues the ALJ erred in not recognizing a conflict between the testimony of Dr. Brodie (who stated Clark should not lift more than 60 pounds, and would have moderate pain on "heavy work") and Dr. Bauer, who expressed the opinion that Clark could occasionally lift 50 pounds, and could lift 25 pounds more frequently, and could bend and stoop. Dr. Brodie's findings and opinion are entitled to enhanced weight and can be rejected only if the ALJ makes findings "setting forth specific, legitimate reasons for doing so." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989).
 
 
 9
 The ALJ did not "reject" Dr. Brodie's findings; he gave Clark the benefit of the doubt, and found Clark could only perform "light" work, which required lifting no more than 20 pounds. Dr. Brodie's reports were corroborated by those of all but one other physician. The ALJ's finding that Clark can perform light work, as defined by the statutory regulations, does not conflict with any of Dr. Brodie's findings.
 
 III
 
 10
 In deciding whether Clark can perform past relevant work, the ALJ must determine the demands of Clark's past job and compare the demands to Clark's current RFC. Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986). Clark bears the burden of proving he suffers from a physical or mental impairment that makes him unable to perform "past relevant work." Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir.1995). Clark cannot merely show he is incapable of performing the particular job he once did; he must prove he cannot return to the same type of work. Villa, 797 F.2d at 798. If he makes that showing, the burden shifts to the Commissioner to show that he can engage in other types of substantial gainful work which exist in the national economy. Andrews, 53 F.3d at 1040. The ALJ must make a specific finding of fact as to the physical and mental demands of Clark's past job, and a finding of fact that Clark has the capacity to return to that type of job. Social Security Regulation 82-62.
 
 
 11
 The vocational expert testified that Clark could not do the exact work he once did as plastic molder foreman, because he could not do heavy lifting. The expert stated that Clark could perform the job of plastic molder foreman as it is "generally performed" and as it is described in the Dictionary of Occupational Titles ("DOT"). The ALJ's opinion specifically relied on Dr. Jones' testimony that Clark could perform the "past work of plastic molder foreman, as is described in the Dictionary of Occupational Titles." The problem, however, is that the DOT does not list any occupation of "plastic molder foreman." There are several occupations which conceivably could meet this description ("Supervisor, Plastics Fabrication"; "Supervisor, Plastics (toy-sport equipment)"; "Molding Supervisor", etc.). Each occupational title offers a different description of duties, and none conform exactly with Clark's job description. The DOT is not the sole source for determining past relevant work, and can be rebutted by expert testimony. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995). Here, however, the expert and the ALJ purported to rely on the DOT for a job description that does not exist in that book. It is not clear which, if any, of the DOT occupations the expert or the ALJ determined was similar to Clark's past relevant work.
 
 
 12
 The regulations make it clear that "broad generic, occupational classifications" of a job, such as "delivery job" or "packaging job" are insufficient to test whether a claimant can perform past relevant work. Social Security Regulation 82-61. Thus, the expert's opinion that most "manufacturing supervisor" jobs are light work is legally insufficient to use as a basis for finding that Clark could perform past relevant work. Clark also argues that the expert classified Clark's work according to the "least demanding function" of the job, a practice we have found insufficient. See Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir.1985); Bonilla v. Secretary of Health and Human Services, 671 F.2d 1245, 1246 (9th Cir.1982). It is unclear which job description the expert and ALJ relied on, so it is impossible to tell whether the DOT occupations accurately describe Clark's past relevant work.
 
 
 13
 Because he found Clark could perform past relevant work, the ALJ did not consider whether the Commissioner could prove that Clark can engage in other types of substantial gainful work which exist in the national economy. Andrews, 53 F.3d at 1043. Although the evidence from the vocational expert may support such a conclusion, the ALJ made no finding on the issue. We therefore reverse the ALJ's decision denying Clark's benefits and remand for more specific findings regarding his ability to perform past relevant work or other work available in the national economy.
 
 IV
 
 14
 Because we reverse on other grounds, we do not address Clark's remaining legal arguments. We deny Clark's request for attorney's fees. Clark is neither a "prevailing party" entitled to fees under 28 U.S.C. § 2412, nor is there a "judgment favorable to" Clark authorizing fees under 42 U.S.C. § 406(b).
 
 
 15
 We REVERSE the district court with instructions to REMAND the case to the Commissioner for further determination of whether Clark can perform past relevant work or other substantial gainful employment. Each party shall bear its own costs on appeal. AFFIRMED IN PART, REVERSED IN PART and REMANDED.
 
 
 
 **
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rules of Appellate Procedure 43(c)(1). Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this opinion for the sake of convenience
 
 
 ***
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3